OPINION
Appellant Priscilla J. Cunningham, as guardian ad litem for the minor children, Delores Poulton and Luis Poulton, appeals the December 6, 1999 Findings of Fact and Conclusions of Law and Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, denying the Motion for Permanent Custody filed by the Stark County Department of Human Services (hereinafter "SCDHS") and ordering SCDHS to prepare a case plan which outlines a reinstatement of supervised visits between Delores and Luis and their mother, appellee Shelly Poulton.
STATEMENT OF THE FACTS AND CASE, Appellee is the adoptive mother of Delores Poulton (DOB 5/21/84) and Luis Poulton (DOB 11/23/92). Both of the children were born in Guatemala. Appellee and Terry Poulton, her husband, adopted Delores in 1997, after a two year international legal adoption process. Appellee and Terry adopted Luis in October, 1994, after a two year private adoption process. Prior to arriving in the United States, both children suffered from malnutrition and ailments related thereto. While in Guatemala, Delores was sexually molested and still suffers the effects of such abuse. The girl has been identified as a pedophile, and all parties agree Delores cannot be placed with other children and is unable to function in a family-like setting. While in Guatemala, Luis suffered from cardiac problems. Those problems have been resolved subsequent to his coming to the United States. On March 16, 1998, SCDHS filed a complaint alleging neglect and abuse and seeking temporary custody of the children. Subsequently, on June 8, 1998, the parents stipulated to a finding of dependency after SCDHS orally moved to amend the complaint. SCDHS filed an amended complaint alleging dependency only on November 24, 1999. Based upon the finding of dependency, the trial court granted temporary custody of Delores and Luis to SCDHS. A case plan was adopted, which required appellee to complete a psychological evaluation; to establish independent, safe and secure housing; to complete parenting classes through Goodwill Industries; and to submit to a substance abuse evaluation at Quest Recovery Services and follow any after care recommendations. Appellee substantially complied with her case plan. Although appellee attended only one session of the Goodwill Parenting program, she did attend five of the six scheduled classes in a similar program known as "HUGS." Initially, appellee had frequent visits with the children. These visits were approved by the children's counselors. However, after the children were removed from their relative placement and placed in foster care on May 4, 1998, appellee's visits were terminated pursuant to court order. On August 10, 1999, SCDHS filed a Motion for Permanent Custody. The trial court conducted a hearing on the motion on October 20, 1999, and November 17, 1999. Lynn Gardenhight, a counselor with Quest Recovery Services, testified she conducted an evaluation of appellee and found no evidence of substance abuse. Quest made no recommendations for treatment. Dr. Steven Dean of Melymbrosia conducted a psychological evaluation of appellee, including a Milan Multiphasic Personality Inventory Test. Dr. Dean found appellee to be defensive and discovered evidence of paranoid thinking. Dr. Dean recommended appellee attend parenting classes and therapy. Since June, 1998, appellee has been under the care of a psychiatrist and has been taking an anti-depression medication. Although appellee did not provide her address to the social worker until shortly before the permanent custody hearing, the social worker was able to assess her housing and found it to be appropriate. Currently, Delores is placed in a therapeutic foster home and is doing well. Both Delores and Luis have claimed appellee physically abused them. Luis expressed a fear of appellee. Appellee and Terry Poulton have accused each other of being physically abusive and having substance abuse problems. Both children accused Terry Poulton of sexual abuse, however, Luis later recanted his statements. After hearing all the evidence and upon consideration thereof, the trial court denied SCDHS's motion for permanent custody. With respect to appellee, the trial court ordered SCDHS prepare a case plan, outlining a reinstatement of supervised visits between both children and appellee. In support of its decision, the trial court found the children are bonded with one another and appellee. The court also found appellee had substantially complied with her case plan. Although the trial court determined SCDHS's concerns regarding appellee's alleged substance abuse were unfounded, the court did find appellee's psychological condition and instability made placement of the children with her inappropriate. The trial court ordered Delores be placed in a planned permanent living arrangement. Relative to Luis, the trial court ordered the boy remain in the temporary custody of SCDHS until March 13, 2000, during which time SCDHS would strive for reunification of the boy with Terry Poulton. The trial court memorialized its Findings of Fact and Conclusions of Law in a Judgment Entry filed December 6, 1999. It is from this judgment entry appellant appeals, raising the following assignment of error:
 THE TRIAL COURT'S ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES PERMANENT CUSTODY OF DELORES POULTON, AND BY REQUIRING THE CASE PLAN TO OUTLINE A REINSTATEMENT OF SUPERVISED VISITS BETWEEN DELORES AND LUIS POULTON AND THEIR MOTHER, SHELLY POULTON, WHEN SUCH ORDER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE TO BE IN THE BEST INTEREST OF THE MINOR CHILDREN.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, appellant maintains the trial court erred in denying SCDHS's motion for permanent custody relative to Delores, and in requiring a reinstatement of supervised visits between both children and appellee. Appellant submits such order is not in the best interest of the children. A reviewing court will not reverse the judgment of a juvenile court absent an abuse of discretion. To constitute an abuse of discretion, a trial court's actions must have been arbitrary, unreasonable, or unconscionable. Based upon our review of the entire record, we find the trial court did not abuse its discretion in denying SCDHS's motion for permanent custody and ordering reinstatement of visitation between the children and appellee. Appellee substantially complied with her case plan. Additionally, Delores' actions/reactions are not directly attributable to appellee. There was evidence to establish a bond exists between appellee and the children. The entire family suffers from psychological problems and all are receiving services for those problems. Additionally, the language of the judgment entry does not preclude the trial court from changing the order in the future if circumstances so require. Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
 _________________ Hoffman, P.J.
By: Hoffman, P.J. Farmer, J. and Wise, J. concur